| | |
|---|---|
| 1 | STEPHANIE M. HINDS (CABN 154284)<br>Acting United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | THOMAS R. GREEN (CABN 203480)<br>Assistant United States Attorney |

**FILED**

Jun 30 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    thomas.green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRYAN PARENO,<br><br>    Defendant. | 4:21-cr-00265-JST-1<br>CASE NO. 4-21-70440 MAG<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER EXCLUDING TIME UNTIL MAY 12, 2021** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Thomas R. Green, and defendant Bryan Pareno (Pareno or defendant), by and through his counsel of record, Assistant Federal Public Defender Hanni Fakhoury, hereby stipulate as follows:

    1.    On March 11, 2021, the Honorable Susan van Keulen signed a federal criminal complaint charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 16, 2021, defendant made his initial appearance and was advised of the charge on the criminal complaint.

STIPULATION AND ~~PROPOSED~~ ORDER
CASE NO. 4-21-70440 MAG         1

2. Subsequent status conferences regarding detention, bail status and a preliminary hearing or arraignment have taken place on March 19, 2021, March 26, 2021, March 30, 2021 and April 12, 2021, with the parties setting this matter for a status regarding preliminary hearing or arraignment at 1:00 p.m. on May 12, 2021. At each appearance in this matter the parties stipulated and the Court ordered that time should be excluded until the next appearance, as it related to both the timing of any preliminary hearing under Federal Rule of Criminal Procedure 5.1, and the timing for indictment under the Speedy Trial Act.

3. The parties now file this stipulation to document and request a court order regarding the exclusions of time regarding the timing of any preliminary hearing under Federal Rule of Criminal Procedure 5.1, and the timing for indictment or trial under the Speedy Trial Act, until the next status conference set for May 12, 2021.

4. The government has produced discovery relating to defendant's arrest and criminal history. The government and defendant are exploring the potential for a pre-indictment disposition. Counsel for defendant requires additional time to review discovery and discuss and advise the defendant regarding the evidence, including as to the merits of a potential pre-indictment disposition and the merits of proceeding to trial.

5. The present rules governing visits to Santa Rita Jail and the need for the defense to schedule meetings with defendant further support the requested exclusions of time. Thus, with the consent of defendant, counsel for defendant represents that additional time is necessary to review the discovery in this action, confer with defendant, conduct and complete an independent investigation of the case, and prepare for trial in the event that a pre-indictment resolution does not occur.

6. Defense counsel represents that defendant understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that defendant knowingly and voluntarily waives the time to be charged by indictment or information from Speedy Trial Act calculation until May 12, 2021. Defense counsel further represents that his client knowingly and voluntarily waives the timing for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 until the requested status hearing date of May 12, 2021.

1  7. For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of March 16, 2021, to May 12, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(b), (h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

9. Based on his communications with the defendant, defense counsel represents that defendant desires to set this matter for a status hearing regarding preliminary hearing or arraignment on May 12, 2021, and agrees to the stipulations expressed in this filing, for all of the reasons described in this stipulation. The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED: April 14, 2021

Respectfully Submitted,

STEPHANIE M. HINDS
Acting United States Attorney

/s/ *Thomas R. Green*
THOMAS R. GREEN
Assistant United States Attorney


/s/ *Hanni Fakhoury*
HANNI FAKHOURY
Attorney for Bryan Pareno

**[~~PROPOSED~~] ORDER**

The Court has read and considered the Stipulation Excluding Time Until May 12, 2021, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the exclusions of time outweigh the best interest of the public and defendants in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the exclusions of time would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The Court sets this matter for a status hearing regarding preliminary hearing or arraignment on May 12, 2021. The time period of March 16, 2021, to May 12, 2021, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b), and the time by which any trial must commence pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). The Court also finds that defendant waives the timing by which a preliminary hearing must be held pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure for the time period of March 16, 2021 through May 12, 2021. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

June 30, 2021
DATE

HONORABLE SUSAN VAN KEULEN
UNITED STATES MAGISTRATE JUDGE